Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys at Law
A Law Corporation

JADE LYNNE CHING          5808
JASON H. KIM              7128
1001 Bishop Street
Suite 1800
Honolulu, Hawai`i  96813
Telephone: (808) 524-1800
Facsimile:  (808) 524-4591
E-mail:      jching@ahfi.com
             jkim@ahfi.com

Attorneys for Defendant
FIDELITY NATIONAL TITLE
INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PAUL BRUGMAN,<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY; JOHN DOES 1-10,<br><br>Defendants. | Case No. CV 10 00521 JMS KSC (Other Non-Vehicle Tort)<br><br>**FINDINGS AND RECOMMENDATION RE: [11] PLAINTIFF PAUL BRUGMAN'S MOTION TO REMAND, FILED 10/8/10**<br><br>DATE:    November 18, 2010<br>TIME     9:30 a.m.<br>JUDGE:   Kevin S. C. Chang |

## FINDINGS AND RECOMMENDATION
## RE: [11] PLAINTIFF PAUL BRUGMAN'S MOTION TO REMAND, FILED 10/8/10

Plaintiff Paul Brugman ("Brugman") filed his [11] Motion to Remand on October 8, 2010.  Defendant Fidelity National Title Insurance Co. ("Fidelity") filed its [15] Memorandum in Opposition on October 28, 2010.  Brugman filed his [16] Reply Memorandum on November 4, 2010.

The Motion to Remand was heard before this Court on November 18, 2010 at 9:30 a.m.  Phillip L. Carey appeared by telephone on behalf of Brugman.  Jason H. Kim appeared on behalf of Fidelity.

Having considered the Motion, the memoranda of law filed in support of and in opposition to the Motion, the declarations and exhibits submitted in support of and in opposition to the Motion, and the arguments of counsel, and after being fully advised, the Court enters the following Findings and Recommendations:

**FINDINGS**

1.     Brugman filed a Complaint against Fidelity in the Circuit Court for the Third Circuit of the State of Hawai`i on July 27, 2010 as Civ. No. 10-1-0217.

2.     Brugman filed an Amended Complaint against Fidelity in the Circuit Court for the Third Circuit of the State of Hawai`i on August 31, 2010.

3.     The Complaint and Amended Complaint arise from an insurance coverage dispute based on a title insurance policy issued by Fidelity relating to Brugman's property located at 641-B Wainaku Avenue, Hilo, Hawai`i ("Property").  Am. Compl. at ¶¶ 1-2.

4.     In the Amended Complaint, Brugman claims that there are two defects in the Property for which he is entitled to indemnity by Fidelity.  First, based on a survey performed post-closing, Brugman claims the Property is smaller than the property he thought he had purchased: specifically, he alleges that approximately 8 feet has been cut off from the back of the Property. Am. Compl. at ¶ 9.  Second, he claims that based on the information contained in the post-closing survey, he does not have a right of access to the Property.  *Id.* at ¶ 10.

5.     In the Amended Complaint, Brugman alleges he tendered the boundary dispute claim to Fidelity and Fidelity retained counsel to investigate and if possible resolve the claim. Am. Compl. at ¶ 12.  Counsel, among other efforts to resolve the boundary dispute, retained an appraiser who appraised the value of the "lost" portion of the Property at $11,500.  *Id.* at ¶ 14.  That amount was tendered to Brugman, but he alleges that it is inadequate because it "valued the land as raw land, without considering the residence and other improvements" and because it allegedly did not take into account the fact that "the new property line cut through a number of structures attached to the back of the Property."  *Id.*

6.     In the Amended Complaint, Brugman does not specifically allege the total amount in controversy.  He does allege, however, that "the typical attorney's fees charged for rectifying this type of legally landlocked easement problem would be approximately $50,000."  Am. Compl. at ¶ 11.  Also, as set forth above, he alleges that $11,500 is substantially less than the alleged diminution in the value to the Property he has allegedly suffered

because he allegedly received a different property than he thought he was purchasing.

7.     Based on these alleged defects to the Property's title and Fidelity's alleged failure to provide coverage for such defects, Brugman in his Amended Complaint alleges claims against Fidelity for: (1) insurance bad faith; (2) negligent and/or intentional infliction of emotional distress; (3) breach of contract; (4) unfair and deceptive trade practices; and (5) punitive damages.  Brugman requests general damages, special damages, treble damages, reasonable attorneys' fees and costs, prejudgment interest, and punitive damages.

8.     On September 8, 2010, Fidelity filed with this Court its [1] Notice of Removal of Civil Action pursuant to 28 U.S.C. §§ 1441 and 1446.

9.     It is undisputed that Fidelity's removal was timely pursuant to 28 U.S.C. § 1446(b).

10.     It is also undisputed that complete diversity exists between the parties as required by 28 U.S.C. § 1332 because Brugman is a citizen of the State of Hawai'i and Fidelity is a citizen of the States of California and Florida.

11.   Brugman disputes that the amount in controversy exceeds $75,000, exclusive of interests and costs, as required by 28 U.S.C. § 1332.

12.   Because Brugman has not expressly alleged in his Amended Complaint that the amount in controversy is less than $75,000, in opposing remand, Fidelity must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Guglielmino v. McKee Foods Corp,* 506 F.3d 696, 699 (9th Cir. 2007).

13.   To determine the amount in controversy, this Court must consider attorneys' fees "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language."  *Loudermilk v. U.S. Bank National Ass'n,* 479 F.3d 994, 1000 (9th Cir. 2007).

14.   Punitive and treble damages are also included in the amount in controversy where such damages are available under state law for the types of claims alleged by the plaintiff.  *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001); *Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d 1042, 1046 n. 3 (9th Cir.

2000); *Burke Family Living Trust v. Metropolitan Life Ins. Co.*, 2009 WL 2947196 at * 3 (W.D. Wash. Sept. 11, 2009).

15.   As set forth above, Brugman in his Amended Complaint alleges that he is entitled to compensatory damages of at least $61,500: $50,000 for the attorneys' fees that Brugman allegedly expects to incur in resolving the alleged lack of legal access to the Property and an amount exceeding $11,500 for the alleged diminution in the value to the Property he has allegedly suffered because he allegedly received a different property than he thought he was purchasing.

16.   If Brugman prevails, he may be entitled to attorneys' fees under HRS § 607-14 (for claims in the nature of assumpsit) and/or HRS § 480-13(a)(1) (for claims for unfair and deceptive trade practices).  The attorneys' fees awarded, if any, may exceed $13,500.

17.   Thus, considering only the amount of the alleged compensatory damages claims set out with specificity in the Amended Complaint (exceeding $61,500) and the possibility of attorneys' fees if Brugman prevails (exceeding $13,500), Fidelity has

established by a preponderance of the evidence that the amount in controversy exceeds $75,000.

18.   These findings are made solely for the purpose of deciding the Motion to Remand and are not findings on the merits or lack of merit of Brugman's claims or Fidelity's defenses or the probable amount of damages that will actually be awarded to Brugman.

## RECOMMENDATION

Based on the above Findings, this Court Recommends that Brugman's Motion to Remand be denied.

IT IS SO FOUND AND RECOMMENDED.

DATED:    Honolulu, Hawai`i, December 10, 2010.

   

Kevin S.C. Chang
United States Magistrate Judge

---

*Brugman v. Fidelity National Title Insurance Company,* Case No. CV 10 00521 JMS KSC; FINDINGS AND RECOMMENDATION RE: [11] PLAINTIFF PAUL BRUGMAN'S MOTION TO REMAND, FILED 10/8/10

758532v1                                    8